IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED

FEB 24 2026

U.S. DISTRICT COURT
ELKINS WV 26241

UNITED STATES OF AMERICA,

      Plaintiff,

v.                         Criminal Action No. 2:24-CR-46-2
                                      (Judge Kleeh)

JEREMY MONGOLD,

      Defendant.

## INSTRUCTIONS OF LAW TO THE JURY

### Introduction

Now that you have heard the evidence, it is my job to tell you about the laws that apply to this case. As jurors, you have two jobs. First, you must determine from the evidence what the facts of this case are. Second, you must apply the rules of law, which I will give you, to those facts in order to determine whether **JEREMY MONGOLD** is guilty or not guilty of the crimes charged in the Second Superseding Indictment.

I will be sending a copy of these instructions to the jury room with you; however, you are not to single out any one instruction as stating the law but must consider the instructions as a whole.

The Judge has no right to tell the jury what facts have been established by the evidence. In turn, the jury has no right to make decisions as to what law applies to this trial.

## <u>Evidence Generally</u>

There are two types of evidence which are generally presented during a trial: direct evidence and circumstantial evidence. Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of some further fact which, in a criminal case, may bear on the guilt or innocence of a Defendant.

Generally, the law makes no distinction between the weight to be given to either direct or circumstantial evidence, but simply requires that, before convicting an accused, the jury be satisfied of the accused's guilt beyond a reasonable doubt from all of the evidence in the case. Furthermore, no greater degree of certainty is required of circumstantial evidence than is required of direct evidence.

Inferences are deductions or conclusions that reason and common sense lead you to draw, based on the facts that have been established by the evidence in the case. Common sense is no substitute for evidence, but common sense should be used by you to evaluate what reasonably may be inferred from circumstantial evidence. Therefore, you are permitted to use your common sense in evaluating all the evidence, including circumstantial evidence, that the Government has presented to you in an attempt to prove

beyond a reasonable doubt the guilt of Jeremy Mongold.

The evidence in this case consists of the sworn testimony of all witnesses, regardless of who may have called them; all exhibits received in evidence, regardless of who may have produced them; and all facts that were admitted.

Questions, statements, and arguments of counsel are not evidence in the case.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded, or considered only for the limited purposes for which the evidence was admitted. This includes any hearsay objections overruled because the testimony was not offered for the truth of the matter asserted. Such evidence may only be considered for the stated purpose of its admission.

Anything you may have seen or heard outside of the courtroom is not evidence and must be entirely disregarded.

You are to consider only the evidence in this case. But in your consideration of the evidence, you are not limited to the mere statements of the witnesses. In other words, you are not limited solely to what you have seen and heard as the witnesses testified. You are permitted to draw from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience.

Neither by these instructions, nor by any ruling that I have

made, have I meant to indicate any opinion as to the facts of this trial. The true facts of this trial are for you, the jury, to decide.

### Witnesses

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You are free to believe all, a portion, or none of a witness's testimony.

You should carefully scrutinize all of the testimony given, the circumstances under which each witness has testified, and every matter in evidence that tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive, and state of mind, as well as his or her demeanor and manner while on the stand. Consider the witness's ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness's testimony is either supported or contradicted by the evidence in the case.

Inconsistencies or discrepancies in the testimony of any witness, or between the testimony of different witnesses, may or may not cause you, the jury, to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently. Innocent misrecollection, like failure of

recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail and whether the discrepancy results from innocent error or intentional falsehood.

The testimony of a witness may be discredited or impeached by showing that the witness previously made statements that are inconsistent with the witness's present testimony. The earlier contradictory statements are admissible only to impeach the credibility of the witness and not to establish the truth of these statements. It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has been impeached.

If you believe that any person testifying in this trial has not told the truth, you may believe such parts of his or her testimony as you believe to be true and reject such parts as you believe to be false. The jury's duty is to determine, from all the evidence presented, and all the circumstances surrounding this trial, which witnesses have testified truthfully, and which ones, if any, have testified falsely.

Certainly, this Court does not mean to imply that any witness who has testified before you testified falsely or untruthfully. All the witnesses may have been giving you their very best judgment and honest opinion as to those matters to which they have testified.

Prior conviction of a felony crime is one of the circumstances that you may consider in determining the credibility of that witness. It is the sole and exclusive right of the jury to determine the weight to be given to any prior conviction as impeachment and the weight to be given to the testimony of anyone who has previously been convicted of a felony.

You, the jury, will have to determine which testimony is more satisfactory to you. Naturally, you may take into consideration the opportunity of each witness to observe and to know the facts concerning which his or her testimony was given.

### Law Enforcement Testimony

During the course of this trial, you have heard the testimony of people employed by the Government, including law enforcement agents. Such witnesses do not stand in any higher station in the community than other persons, and their testimony is not entitled to any greater weight than that given to other witnesses.

A law enforcement agent who takes the witness stands subjects his or her testimony to the same examination and the same tests that any other witness does. In considering the testimony of a law enforcement agent, you, the jury, should recall his or her demeanor on the stand, his or her manner of testifying, and the substance of his or her testimony, and then weigh and balance it just as carefully as you would the testimony of any other witness.

## Number of Witnesses

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

## A Defendant's Election Not to Testify

As I have stated, the law does not compel a defendant in a criminal case to take the witness stand and testify. In this case, the defendant Jeremy Mongold has exercised his right to remain silent and elected not to testify. He is under no obligation to do so, and you must not hold his silence against him in any way because, again, it is the Government's burden to prove each essential element of the charges against him beyond a reasonable doubt.

## Indictment Is Not Evidence

As I earlier indicated to you, an indictment is but a formal method of accusing a defendant of a crime. It is not evidence of any kind against the Defendant and does not create any presumption or permit any inference of guilt. It is merely the formal means by which the Government accuses an individual of a crime in order to bring that individual to trial. The Defendant has answered the

charges in this trial by pleading not guilty, and you must not be prejudiced against the defendant because an indictment was filed.

## Presumption of Innocence

In resolving the issues before you, you must keep in mind that, under the law of the United States, a defendant is presumed to be innocent, and this presumption of innocence goes with the Defendant at every stage of the trial. Thus, a defendant, although accused, begins the trial with no evidence against him. The presumption of innocence alone is sufficient to acquit a defendant, unless you are satisfied beyond a reasonable doubt of the Defendant's guilt after careful and impartial consideration of all the evidence in the case.

In this case, as in every criminal case, the burden of proof is upon the Government to establish, first, the fact that the crimes charged were committed; and second, that the Defendant on trial is guilty of the commission of the particular crimes with which he is charged in the Second Superseding Indictment beyond a reasonable doubt. This burden never shifts to the Defendant. It remains upon the Government throughout the trial.

## Other Acts

The Defendant is not on trial for any acts or crimes not alleged in the Second Superseding Indictment. Your job is limited to deciding whether the Government has proven the crimes charged in the Second Superseding Indictment beyond a reasonable doubt.

## Reasonable Doubt

It is not required that the Government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt means in law just what the words imply, a doubt based upon reason and common sense. The meaning of reasonable doubt is self-evident. Therefore, the Court will not attempt to further define the term.

## Dates

You will note that the Second Superseding Indictment charges that the offenses were committed "on or about" a certain date. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

## The Second Superseding Indictment

The Second Superseding Indictment in this case charges the Defendant, **JEREMY MONGOLD**, with the following offenses. Each charge, and the evidence pertaining to it, should be considered separately by the jury. The fact that you may find the Defendant guilty or not guilty as to one of the counts should not control your verdict as to any other count.

**Count Two** of the Second Superseding Indictment charges that on or about June 16, 2022, in Hardy County, in the Northern District of West Virginia, defendant Zachary Mongold counseled,

commanded, and procured **JEREMY MONGOLD**, in connection with the acquisition of a firearm, that is, a Kel-Tec pistol, Model: PMR-30, .22 WMR caliber, SN: WYHK71, from a licensed dealer of firearms, did knowingly make a false written statement that was intended and likely to deceive such dealer with respect to a fact material to the lawfulness of the sale of such firearm, that is, defendant **JEREMY MONGOLD** asserted on an ATF Form 4473 (Firearms Transaction Record) that he was the actual transferee/buyer of the said firearm, when in truth and in fact, he purchased the firearm at the request of and for Zachary Mongold, in violation of Title 18, United States Code, Sections 2, 922(a)(6), and 924(a)(2).

**Count Three** of the Second Superseding Indictment charges that On or about June 16, 2022, in Hardy County, in the Northern District of West Virginia, the defendant, **JEREMY MONGOLD**, knowingly disposed of and transferred a firearm, that is, a Kel-Tec pistol, Model: PMR-30, .22 WMR caliber, SN: WYHK71, to Zachary Mongold, knowing and having reasonable cause to believe that Zachary Mongold had been convicted in any court of a misdemeanor crime of domestic violence, in violation of Title 18, United States Code, Sections 922(d) and 924(a)(2).

**Count Four** of the Second Superseding Indictment charges that on or about November 16, 2023, in Hardy County, West Virginia, in the Northern District of West Virginia, defendant **JEREMY MONGOLD** willfully and knowingly made a materially false, fictitious, and

fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, by telling Special Agents with the Bureau of Alcohol, Tobacco, and Firearms that he bought the Kel-Tec pistol, Model: PMR-3 0, .22 WMR caliber, SN: WYHK71 on June 16, 2022 to give to his father. This statement and representation was false because, as **JEREMY MONGOLD** then and there knew, he bought the gun for his brother, Zachary Mongold. All in violation of Title 18, United States Code, Section 100 1(a)(2).

## Elements of the Alleged Offenses

### Count Two – False Statement in Connection with the Acquisition of a Firearm

The Defendant is charged in count Two with a violation of 18 U.S.C. section 922(a)(6). This law makes it a crime to make a false statement to a licensed firearms dealer to obtain a firearm.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

**First**: the defendant made a false statement while obtaining a firearm from a licensed dealer;

**Second**: the defendant knew the statement was false; and

**Third**: the statement was intended to or was likely to deceive about a material fact, i.e., one which would affect the legality of the transfer of the firearm from the dealer to the defendant.

The term "licensed dealer" means any firearms dealer who is licensed under federal law. The Government does not need to prove that the defendant knew the seller was a federally-licensed firearms dealer.

A statement is "false or fictitious" if it was untrue when made and was then known to be untrue by the person making it.

A false statement is "likely to deceive" if the nature of the statement, considering all of the surrounding circumstances at the time it is made, is such that a reasonable person of ordinary prudence would have been actually deceived or misled.

**Count Three – Transfer of a Firearm to a Prohibited Person**

Title 18, United States Code, Sections 922(d) and 924(a)(8), make it a crime for a person knowingly to transfer or otherwise dispose of a firearm to a prohibited person, such as one who has been convicted of a misdemeanor crime of domestic violence, when the transferor knows or has reasonable cause to believe that such person is a member of a prohibited category, e.g., a domestic violence misdemeanant.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

**First:** That the defendant knowingly transferred a firearm to Zachary Mongold;

**Second**: That at the time of the transfer, Zachary Mongold had been convicted of a misdemeanor crime of domestic violence; and

**Third**: That at the time of the sale, the defendant knew or had reasonable cause to believe that Zachary Mongold was a member of a prohibited category, e.g., a domestic violence misdemeanant.

### Count Four - False Statement to a Federal Agent

The Defendant is charged in Count Four with a violation of Title 18, United States Code, Section 1001(a)(2), which makes it a crime to knowingly and willfully making a false statement to the United States government. To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

**First**: The defendant made a false statement in a matter involving a federal governmental agency;

**Second**: The defendant acted knowingly and willfully; and

**Third**: The false statement was material to a matter within the jurisdiction of the agency.

### Relevant Terms

I will now define certain terms relevant to the charges set forth in the Second Superseding Indictment. You should apply these definitions as you deliberate on the evidence and seek to reach a verdict. If I do not further define words or terms, you should apply their ordinary, everyday meanings.

<u>"Firearm"</u>

The term "firearm" means (A) any weapon, which will or is designed to or may readily be converted to expel a projectile by the action of an explosive, (B) the frame or receiver of any such weapon, (C) any firearm muffler or firearm silencer, or (D) any destructive device. The term firearm does not include an antique firearm.

<u>"Knowingly"</u>

The term "knowingly" means voluntarily and intentionally. A person acts "knowingly" when he is conscious and aware of his actions and does not act because of mistake or accident. Knowledge may be proved by the Defendant's conduct and words, and by all the facts and circumstances surrounding the case.

<u>"Willfully"</u>

A person acts willfully if he acts intentionally and purposely and with the intent to do something the law forbids, that is, with the bad purpose to disobey or to disregard the law. The person need not be aware of the specific law or rule that his conduct may be violating, but he must act with the intent to do something that the law forbids.

<u>"Material"</u>

A statement or omission is "material" if it has a natural tendency to influence, or is capable of influencing, the individual or institution to which it is addressed. It is not necessary for

the government to prove, however, that the statement or omission actually influenced or misled.

## Investigative Techniques

Some or all of you may have seen popular television shows such as CSI or Law & Order. The TV standards, and the capabilities of law enforcement as portrayed on TV and in the movies, do not apply here to this trial. Witness testimony, if believed by you, is sufficient to establish the charges in this case. Specific investigative techniques, such as DNA and fingerprints, are not required to be presented in order for you to find the Defendant guilty of the charges in this case. Your concern is whether the evidence which was admitted proved the Defendant's guilt beyond a reasonable doubt.

## Closing

Finally, ladies and gentlemen, the verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree with it. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so without sacrifice of conscientious conviction. Each of you must decide the case for yourselves, but do so only after an impartial consideration of the evidence in the case with your

fellow jurors. During your deliberations, do not hesitate to re-examine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Some of you have taken notes during the course of this trial. Notes are only an aid to memory and should not be given precedence over your independent recollection of the facts. A juror who did not take notes should rely on his or her independent recollection of the proceedings and should not be influenced by the notes of other jurors.

If any reference by the Court or by counsel to matters of evidence does not coincide with your own recollection, it is your recollection which should control during your deliberations.

Remember at all times, you are not partisans. You are judges — judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

You must not permit yourself to be influenced by sympathy, passion, prejudice, or public sentiment for or against the accused or the Government.

If the accused is proven guilty of the crimes alleged in the Second Superseding Indictment beyond reasonable doubt, say so. If not so proven guilty, say so.

Under the federal system of criminal procedure, you are not

to concern yourself in any way with the sentence that the Defendant might receive if you find him guilty. Your function is solely to decide whether the Defendant is guilty or not guilty of the charges against him. If, and only if, you find the Defendant guilty, does it then become the duty of the Judge to pronounce the sentence.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note by the United States Marshal, signed by your foreperson, or by one or more members of the jury. No member of the jury should attempt to communicate with the Judge by any means other than a signed writing. The Court will not communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open Court. Also, the Court will not be able to give you transcripts of the evidence or testimony presented at trial. Therefore, you must make your findings upon the evidence as you remember it.

Remember, the Judge can only answer questions of law. Therefore, you should initially discuss the instructions of law among yourselves before writing a question on the law. Also, the jury's duty is to judge the facts only on the evidence presented before you. The Judge cannot answer questions of fact or re-open the case for additional evidence after the evidence is closed.

Bear in mind also that you are never to reveal to any person, not even to the Judge, how the jury stands, numerically or

otherwise, on the question of the innocence or guilt of the Defendant, until after you have reached a unanimous verdict.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, iPad, tablet, or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, LinkedIn, Snapchat, Instagram, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

In addition, the local rules of this Court provide that after conclusion of a trial, no party, his agent, or his attorney shall communicate or attempt to communicate with you concerning the jury's deliberations or verdict without first obtaining permission from me. This rule does not prevent you, the jury, from communicating with anyone concerning your deliberations or verdict, but it prevents you from being contacted by others.

Upon retiring to the jury room, you should first select one of your members to act as your foreperson, who will preside over your deliberations and who will be your spokesperson here in open Court.

Do not begin your deliberations until the clerk delivers to

your jury room the verdict forms and exhibits.

A verdict form has been prepared for you to use. You will take this form to the jury room. When you have reached a unanimous agreement as to your verdict, you will have your foreperson fill in and sign the form that sets forth the verdict upon which you unanimously agree. You will then return with your verdict to the Courtroom.

Ladies and gentlemen, the attorneys will now present their closing arguments. Then the case will be ready for your deliberation, and the Court's officer will conduct you to the jury room.