IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINA

UNITED STATES OF AMERCIA,

v.                                                    Criminal Action No. 2:24-CR-46

JEREMY MONGOLD,

    Defendant.

## DEFENDANT'S MOTION FOR NEW TRIAL

Defendant, Jeremy Mongold, by counsel, moves the Court for a new trial, and states as follows:

(1) The testimony of Government witness Jeffrey Smith, linking the firearm at issue to a murder and arson, was unfairly prejudicial to Defendant, justified a mistrial, and justifies a new trial; and (2) the Government's introduction of multiple references to a polygraph examination declined by Defendant, was unfairly prejudicial and justifies a new trial.

## I.

## JEFFREY SMITH'S TESTIMONY

On February 5, 2025, Defendant filed his Motion for Severance of Counts and Separate Trial (ECF 49), contending that the "presentation of evidence that [Co- Defendant] Zachary Mongold possessed the firearm on November 6, 2023, in the context of its alleged use as a murder weapon … would unfairly prejudice Defendant Jeremy Mongold." Defendant argued further: "A jury is very likely to be inflamed by the alleged use of a firearm in the commission of a crime and might incorrectly infer that Defendant Jeremy Mongold was involved or somehow could be connected to the crime. The risk of even an inadvertent, unintentional, reference to the murder

charge would require severance to avoid the possibility of unfair prejudice to Defendant Jeremy Mongold."

In objecting to Defendant's severance motion, the Government, on February 13, 2025 (ECF 18), stated that it "does not intend to introduce any evidence that the firearm which is the subject of both counts in the indictment was allegedly used in a murder." The Government reiterated its intention, stating that it does not "intend to bring in *any* evidence about the murder."

The Court, on March 31, 2025, denied Defendant's severance motion and noted that "(t)he Government further states it does not intend to introduce any evidence of Zachary Mongold's murder charge" (ECF 68).

Defendant's trial took place on February 23-24, 2026. At the pre-trial conference, on February 9, 2026, the Government again assured Defendant and the Court that its evidence would not include references to Zachary Mongold's murder charge, and that it would refer to that charge only as a serious charge which formed the basis for the investigation which resulted in the indictment against Defendant. The Government stated that its witnesses were adequately instructed to stay away from references to the murder charge.

The Government's first three witnesses, FFL Frank Vetter, Lori Walker, and ATF Special Agent Keith Martin, avoided references to the murder charge. The Government's final witness, Jeffrey Smith, a retired ATF Special Agent, responding to a cross-examination question based upon his direct examination, blurted out, non-responsively, that the firearm was used to shoot someone and that there was also an arson involved. Notwithstanding the Government's admonition to this witness, a retired veteran agent, he was unable to stay within the ground rules of the trial. What the Government had been carefully pledging to avoid had now been abruptly

2

turned on its head, and this law enforcement witness should have known better. The jury heard what Smith had said, and, once said, the jury could not unhear it. Not only was this information now before the jury, its effect was highlighted by the fact that it was essentially the last testimony at the trial, by a witness who the jury might well have considered credible due to his extensive law enforcement background. It is also noteworthy that Defendant's trial was very brief, the testimony lasting less than four hours; it is thus unlikely that Smith's testimony would have been out-weighed by other significant evidence.

As a point of departure, this issue should be viewed through the lens of Rule 401, F.R.E. To be considered relevant, evidence must have a tendency to make a fact more or less probable and the fact is of consequence in determining the action. Clearly, Smith's testimony falls short of the Rule 401 mark; what he said is of no consequence in determining Defendant's guilt or innocence in this case.

If, however, Smith's testimony is viewed as relevant, and Defendant contends that it is not, Rule 403, F.R.E., would nevertheless result in its exclusion "if its probative value is substantially outweighed by a danger of…. unfair prejudice, confusing the issues, misleading the jury…." In the instant case, each of the cited grounds would apply. The evidence is clearly unfairly prejudiced, it confuses the issues (because the nature of Zachary Mongold's alleged crimes has nothing to do with the indictment against Defendant), and it misleads the jury into thinking that Zachary Mongold's crimes are somehow related to Defendant.

A mistrial is required if there is a "reasonable possibility that the jury's verdict was influenced by the material that improperly came before it." *United States v. Seeright*, 978 F.2d 842, 849 (4th Cir. 1992), citing *United States v. Barnes,* 747 F.2d 246, 250 (4th Cir. 1984). *Seeright*

3

was a juror misconduct case, and the Fourth Circuit affirmed the denial of a mistrial because the

trial court was satisfied that the jury had not been influenced by the misconduct in the case at bar,

it cannot be concluded that the jury had not been influenced by Smith's remarks.  *Barner* held

that "(t)here is a presumption at prejudice where… improper evidence is made available to the

jury, and the burden is on the government to prove that it is harmless", citing *Remmer v. United

States*, 347 U.S. 227 (1954); the Government has not satisfied the burden in the instant case.  A

mistrial was called for, and a new trial is now appropriate.

## II.

## POLYGRAPH

Defendant was offered a polygraph examination, and it was scheduled for the day following

a recorded interview by Special Agent Martin.  Jeffrey Smith, then an active ATF Special Agent,

was chosen to conduct the polygraph examination.  Prior to the polygraph examination and prior

to Defendant's decision not to submit to the examination, Smith interviewed Defendant without

recording the interview.  Defendant allegedly made statements which contradicted his recorded

statements made the previous day.  The Government planned to introduce those statements,

allegedly incriminating, at trial -- via Smith's recitation of what Defendant allegedly told him, off

the record, and by introducing recorded statements made before and following the unrecorded

one.  At the pre-trial conference, Defendant objected to any polygraph reference.

The Government contended that reference to the polygraph examination was necessary if

the jury was to understand, in context, why Smith's pre-polygraph interview was not recorded.

Defendant contended, and contends now, that any polygraph references is unfairly prejudicial in

that the jury could easily infer, from the fact that Defendant chose not to be examined, that

Defendant's decision reflected evidence of his guilt.

The Court agreed with the Government and the Government elicited testimony from Smith

relating to the polygraph and Defendant's decision not to participate.

Polygraph evidence is not approved in the Fourth Circuit. *United States v. Ruhe,* 191 F.3d

376, 387-388 (4th Cir. 1999*).*  This principle is based on sound reason and has been universally

accepted.  Although the reported cases relate generally to instances where a defendant actually

took a polygraph examination, the mere mention of a polygraph, taken or not, is likely to pique

the jury's interest, particularly when it is disclosed that a defendant chose not to take it.  The likely

inference is that a defendant did not take it for reason - - his guilt.

The Government's context argument is not convincing.  The fact that the Government

agents do not record interviews which precede a polygraph is the choice of the Government and

of those agents.  The argument that discussion of the polygraph, and Defendant's choice not to

take it, is now critical to the Government's case is founded upon a dilemma of the Government's

own making.  Defendant should not have to deal with the potential of unfairly prejudicial evidence

of the polygraph interview because the Government has chosen not to record the interview and

now struggles to justify that decision in context.  Because the testimony referring to the polygraph

was unfairly prejudicial, a new trial should be granted.

*             *             *

A new trial may be granted "if the interest of justice so requires."   Rule 33(a), F.R.Cr.P.

In this case, the interest of justice clearly compels the conclusion that a new trial should be granted and Defendant so moves.

Respectfully submitted,

JEREMY MONGOLD
Defendant
By counsel

*/s/ Harry A. Smith, III*
HARRY A. SMITH, III
Counsel for Defendant
W. Va. State Bar No. 3466
Jory & Smith, L.C.
P.O. Box 1909
Elkins, WV 26241
(304)636-3553

## CERTIFICATE OF SERVICE

I, Harry A. Smith, III, counsel for Defendant Jeremy Mongold, do hereby certify that the

***Defendant's Motion for New Trial was*** electronically filed with the Clerk of the Court using the

CM/ECF system, which will send notification of such filing to the following:

Andrew R. Cogar
Assistant United States Attorney

Dated at Elkins, West Virginia, this 25th day of March, 2026.

/s/ Harry A. Smith, III
HARRY A. SMITH, III
Jory & Smith, L.C.
P.O. Box 1909
Elkins, WV 26241
hasmith@jorysmith.com
(304)636-3553